IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
G.D.,                              )
                                   )
            Plaintiff,             )
                                   )
      v.                           )       1:22cv1001
                                   )
KANNAPOLIS CITY SCHOOLS BOARD OF   )
EDUCATION, et al.,                 )
                                   )
            Defendants.            )
```

### MEMORANDUM OPINION AND ORDER

This case comes before the Court on "Plaintiff's Application for Appointment of Guardian Ad Litem" (Docket Entry 3) (the "GAL Motion") filed by G.D. (at times, the "Plaintiff"), "by and through [his] counsel" (id. at 1)[1] at the firm of "Howard, Stallings, From, Atkins, Angell & Davis, P.A." ("Howard, Stallings") (id. at 2 (emphasis omitted)). For the reasons that follow, the Court will deny, without prejudice, the GAL Motion.

Asserting that the Kannapolis City Schools Board of Education, an elementary school teacher, and an elementary school principal (collectively, the "Defendants") failed to protect G.D. from sexual abuse by another student, Plaintiff sued Defendants for violations of his rights under, inter alia, Title IX, the Equal Protection Clause of the United States Constitution, and Article I, Section 19, and Article IX of the North Carolina Constitution. (See Docket

---

1 Docket Entry page citations utilize the CM/ECF footer's pagination.

Entry 1 (the "Complaint") at 1-18.)[2]  According to the (unverified) Complaint, "G.D. is a minor child" (id., ¶ 1), who "resides with his custodial parent in Rowan County, North Carolina" (id., ¶ 2). Contemporaneously with filing the Complaint, Plaintiff filed the GAL Motion, requesting "the appointment of Russell Johnson [(at times, 'Johnson')] as guardian *ad litem* for [Plaintiff] . . . pursuant to Rule 17 of the Federal Rules of Civil Procedure" (the "Rules").  (Docket Entry 3 at 1.)

Under Rule 17, "a general guardian" may sue "on behalf of a minor."  Fed. R. Civ. P. 17(c)(1)(A).  In addition,

> [a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem.  The court must appoint a guardian ad litem — or issue another appropriate order — to protect a minor or incompetent person who is unrepresented in an action.

Fed. R. Civ. P. 17(c)(2).  "These provisions permit, but do not compel, a court to appoint a guardian ad litem for an unrepresented minor."  Seibels, Bruce & Co. v. Nicke, 168 F.R.D. 542, 543 (M.D.N.C. 1996); see also Powell v. Symons, 680 F.3d 301, 303 (3d

---

[2]  Per the Complaint, "Article IX of the North Carolina Constitution guaranteed and provided G.D. with full and equal access to the public educational programs and activities offered by Defendants" (id., ¶ 71) and "Article I, Section 19 of the North Carolina Constitution, the 'Law of the Land Clause,' provided G.D. with equal protection and opportunity under the laws of this State" (id., ¶ 72).  The Complaint asserts that "G.D.'s rights under Article IX and Article I, Section 19 of the North Carolina Constitution were violated by Defendants when they failed to fulfill G.D.'s rights to an education, 'equal opportunities' in education, and equal protection and opportunity under the laws of this State." (Id., ¶ 75.)

2

Cir. 2012) ("[R]esponsibility for Rule 17 appears generally to be left to the discretion of the district courts."). In other words, "Rule 17(c) does not make the appointment of a guardian ad litem mandatory. If the court feels that the infant's [or incompetent person's] interests are otherwise adequately represented and protected, a guardian ad litem need not be appointed." Adelman on Behalf of Adelman v. Graves, 747 F.2d 986, 989 (5th Cir. 1984) (brackets in original) (internal quotation marks omitted) (citing Westcott v. United States Fid. & Guar. Co., 158 F.2d 20 (4th Cir. 1946)).

To assist in this analysis, this Court's Local Rules mandate that "[a]pplications for the appointment of a guardian ad litem," inter alia, "(i) set out facts requiring such appointment, (ii) suggest a natural person suitable for appointment, [and] (iii) contain information about that person, including willingness to serve, upon which the Court can judge his or her qualifications." M.D.N.C. LR 17.1(b)(3). Here, Plaintiff provided only the unsworn GAL Motion in support of the requested appointment. (See Docket Entry 3.) However, unsworn assertions, whether in a complaint or a motion, do not constitute admissible evidence. See, e.g., Dillon v. BMO Harris Bank, N.A., No. 1:13cv897, 2014 WL 911950, at *2 (M.D.N.C. Mar. 10, 2014) ("Statements in briefs are not evidence . . . .") (collecting cases); Reeves v. Hubbard, No. 1:08cv721, 2011 WL 4499099, at *5

3

n.14 (M.D.N.C. Sept. 27, 2011) (explaining that, unless "sworn or made under penalty of perjury," factual allegations in court filings "do not constitute evidence"), recommendation adopted, slip op. (M.D.N.C. Nov. 21, 2011). The lack of evidence regarding the necessity for, and suitability of, the proposed guardian ad litem appointment itself justifies denial of the GAL Motion.

Setting aside this deficiency, the GAL Motion maintains that Plaintiff "is a minor child who is a resident of Rowan County, North Carolina and who is without a general or testamentary guardian in this State." (Docket Entry 3 at 1.) The Complaint asserts, however, that Plaintiff "resides with his custodial parent in Rowan County, North Carolina." (Docket Entry 1, ¶ 2.) Under Rule 17, "[c]apacity to sue . . . is determined . . . by the law of the individual's domicile." Fed. R. Civ. P. 17(b)(1); accord Hudnall v. Sellner, 800 F.2d 377, 384 (4th Cir. 1986) ("Capacity is controlled by [Rule 17], which defers questions of legal capacity to the law of [the relevant party's] domicile, here [North Carolina]."). North Carolina recognizes parents as "the natural guardians of the person of their minor children." N.C. Gen. Stat. § 35A-1201(a)(6). Thus, "[i]n most cases, a parent qualifies as a 'general guardian' who may act on behalf of a minor without needing a formal court appointment under Federal Rule 17(c)." Epic Games, Inc. v. C.B., No. 5:19-cv-250, 2019 WL 8334611, at *1 (E.D.N.C. Sept. 27, 2019); see also, e.g., Communities for Equity v. Michigan

4

High Sch. Athletic Ass'n, 26 F. Supp. 2d 1001, 1006 (W.D. Mich. 1998) ("[Rule] 17(c) . . . provides that a general guardian may sue on behalf of a minor. A parent is a guardian who may so sue.").

Moreover:

> [n]othing else appearing, it may be presumed that a parent acts in the best interest of the child. Permitting the parent to act as a guardian saves the expense of appointing a guardian which is also an important policy consideration. . . . Furthermore, a federal court should, as a matter of sound policy, be cautious in attempting to step between the parent and his or her child.

Seibels, 168 F.R.D. at 544 (citation and footnote omitted). Here, the GAL Motion provides no explanation for why Plaintiff's "custodial parent" (Docket Entry 1, ¶ 2) cannot serve as his guardian in this matter (see Docket Entry 3 at 1-2) and the Complaint discloses no such grounds (see generally Docket Entry 1). The potential availability of Plaintiff's custodial parent to assist in this litigation counsels against appointment of a separate guardian ad litem. See, e.g., Nicholson v. Zimmerman, No. 1:19cv585, 2020 WL 5518701, at *8 (M.D.N.C. Sept. 14, 2020) (denying guardian ad litem appointment request and "find[ing] that [the p]laintiff 'is adequately protected' without appointment of a guardian ad litem," where, inter alia, "the record supports the conclusion that [the p]laintiff may call upon at least one family member willing and able to aid him in prosecuting his claims even absent formal designation as a guardian ad litem").

5

Further, the record lacks necessary information regarding the suitability of the proposed guardian ad litem. (See Docket Entry 3 at 1-2.) In this regard, the GAL Motion states, in full:

> That Russell Johnson is a licensed attorney in the State of North Carolina and is over the age of 18, competent and willing to act as G.D.'s *guardian ad litem* in this action, and is a resident of Durham County, North Carolina who practices law in the state of North Carolina.
>
> \*\*\*\*\*
>
> That Russell Johnson is a person fully competent to understand and protect the rights and interests of G.D., and Russell Johnson has no interest adverse to that of said minor.

(Id. (internal paragraph numbering omitted).) This Court's review of the North Carolina State Bar Directory revealed two North Carolina lawyers named "Russell Johnson," one of whom the directory identifies as disbarred, see Membership Directory, https://portal.ncbar.gov/verification/search.aspx (search first name field "Russell" and last name field "Johnson"), and the other of whom it identifies as a board-certified Workers Compensation Lawyer working at "Diener Law, P.A.," Membership Directory, https://portal.ncbar.gov/Verification/viewer.aspx?ID=32751 (last visited Jan. 6, 2023).

Diener Law markets itself as an immigrant-focused law firm, see Diener Law —Abogados—, https://dienerlaw.net (last visited Jan. 6, 2023), proclaiming that, "[f]or over a decade, thousands of immigrants have trusted Diener Law to handle their immigration law,

6

personal injury, and workers compensation cases," id. The Diener Law biography for Russell Johnson indicates that he

> joined Diener Law in 2015 after spending more than a decade as one of the principal litigators at Howard, Stallings[], where his practice was focused on serious injury cases and complex commercial litigation. [Johnson] has successfully handled catastrophic injury and death cases in areas such as car wrecks, medical malpractice, products liability, and dram shop liability. In commercial cases, [Johnson] has obtained judgments in excess of a million dollars and has successfully defended multi-million dollar claims. . . .

Our Experienced Immigration Lawyers in North Carolina and California, https://dienerlaw.net/why-diener-law/meet-the-staff/ (last visited Jan. 6, 2023). His biography mentions nothing regarding service as a guardian ad litem or experience litigating claims involving Title IX, the Equal Protection Clause, or "Article IX and Article I, Section 19 of the North Carolina Constitution" (Docket Entry 1, ¶ 75). See Our Experienced Immigration Lawyers in North Carolina and California, https://dienerlaw.net/why-diener-law/meet-the-staff/ (last visited Jan. 6, 2023). As such, it remains unclear what, precisely, qualifies Johnson to serve as a guardian ad litem for Plaintiff in this matter.

Under the circumstances, the Court will deny the instant request to appoint Johnson guardian ad litem, but without prejudice to the filing of a properly supported application for appointment of a guardian ad litem, if Plaintiff's situation so warrants.

7

**IT IS THEREFORE ORDERED** that the GAL Motion (Docket Entry 3) is **DENIED WITHOUT PREJUDICE** to the filing of a properly supported request for appointment of a guardian ad litem.

This 9th day of January, 2023.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**