IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
G.D.,                              )
                                   )
            Plaintiff,             )
                                   )
       v.                          )       1:22cv1001
                                   )
KANNAPOLIS CITY SCHOOLS BOARD OF   )
EDUCATION, et al.,                 )
                                   )
            Defendants.            )
```

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on the "Motion to Amend" (Docket Entry 18) (the "Amendment Motion") and the "Motion to Seal" (Docket Entry 19) (the "Sealing Motion") filed by G.D. (at times, the "Plaintiff"). For the reasons that follow, the Court will grant in part and deny in part the Amendment Motion and will grant the Sealing Motion.

## INTRODUCTION

Asserting that the Kannapolis City Schools Board of Education, an elementary school teacher, and an elementary school principal (collectively, the "Defendants") failed to protect him from sexual abuse by another student, Plaintiff sued Defendants in their individual and official capacities for violations of his rights under state and federal law. (See Docket Entry 1 (the "Complaint") at 1-18.)[1] According to the Complaint, "G.D. is a minor child"

---

1 Docket Entry page citations utilize the CM/ECF footer's pagination.

(id., ¶ 1), who "resides with his custodial parent in Rowan County, North Carolina" (id., ¶ 2). Contemporaneously with filing the Complaint, Plaintiff filed a motion requesting "the appointment of Russell Johnson [(at times, 'Johnson')] as guardian *ad litem* for [Plaintiff] . . . pursuant to Rule 17 of the Federal Rules of Civil Procedure" (the "Rules"). (Docket Entry 3 (the "GAL Motion") at 1.) In ruling on the GAL Motion, the Court explained, inter alia:

> Under Rule 17, "a general guardian" may sue "on behalf of a minor." Fed. R. Civ. P. 17(c)(1)(A). In addition,
>
>> [a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem — or issue another appropriate order — to protect a minor or incompetent person who is unrepresented in an action.
>
> Fed. R. Civ. P. 17(c)(2). "These provisions permit, but do not compel, a court to appoint a guardian ad litem for an unrepresented minor." Seibels, Bruce & Co. v. Nicke, 168 F.R.D. 542, 543 (M.D.N.C. 1996); see also Powell v. Symons, 680 F.3d 301, 303 (3d Cir. 2012) ("[R]esponsibility for Rule 17 appears generally to be left to the discretion of the district courts."). In other words, "Rule 17(c) does not make the appointment of a guardian ad litem mandatory. If the court feels that the infant's [or incompetent person's] interests are otherwise adequately represented and protected, a guardian ad litem need not be appointed." Adelman on Behalf of Adelman v. Graves, 747 F.2d 986, 989 (5th Cir. 1984) (brackets in original) (internal quotation marks omitted) (citing Westcott v. United States Fid. & Guar. Co., 158 F.2d 20 (4th Cir. 1946)).
>
> \*\*\*\*\*
>
> . . . [T]he GAL Motion maintains that Plaintiff "is a minor child who is a resident of Rowan County, North Carolina and who is without a general or testamentary

guardian in this State." (Docket Entry 3 at 1.) The Complaint asserts, however, that Plaintiff "resides with his custodial parent in Rowan County, North Carolina." (Docket Entry 1, ¶ 2.) Under Rule 17, "[c]apacity to sue . . . is determined . . . by the law of the individual's domicile." Fed. R. Civ. P. 17(b)(1); accord Hudnall v. Sellner, 800 F.2d 377, 384 (4th Cir. 1986) ("Capacity is controlled by [Rule 17], which defers questions of legal capacity to the law of [the relevant party's] domicile, here [North Carolina]."). North Carolina recognizes parents as "the natural guardians of the person of their minor children." N.C. Gen. Stat. § 35A-1201(a)(6). Thus, "[i]n most cases, a parent qualifies as a 'general guardian' who may act on behalf of a minor without needing a formal court appointment under Federal Rule 17(c)." Epic Games, Inc. v. C.B., No. 5:19-cv-250, 2019 WL 8334611, at *1 (E.D.N.C. Sept. 27, 2019); see also, e.g., Communities for Equity v. Michigan High Sch. Athletic Ass'n, 26 F. Supp. 2d 1001, 1006 (W.D. Mich. 1998) ("[Rule] 17(c) . . . provides that a general guardian may sue on behalf of a minor. A parent is a guardian who may so sue.").

Moreover:

> [n]othing else appearing, it may be presumed that a parent acts in the best interest of the child. Permitting the parent to act as a guardian saves the expense of appointing a guardian [ad litem] which is also an important policy consideration. . . . Furthermore, a federal court should, as a matter of sound policy, be cautious in attempting to step between the parent and his or her child.

Seibels, 168 F.R.D. at 544 (citation and footnote omitted). Here, the GAL Motion provides no explanation for why Plaintiff's "custodial parent" (Docket Entry 1, ¶ 2) cannot serve as his guardian in this matter (see Docket Entry 3 at 1-2) and the Complaint discloses no such grounds (see generally Docket Entry 1). The potential availability of Plaintiff's custodial parent to assist in this litigation counsels against appointment of a separate guardian ad litem. See, e.g., Nicholson v. Zimmerman, No. 1:19cv585, 2020 WL 5518701, at *8 (M.D.N.C. Sept. 14, 2020) (denying guardian ad litem appointment request and "find[ing] that [the p]laintiff 'is adequately protected' without appointment of a

3

> guardian ad litem," where, inter alia, "the record supports the conclusion that [the p]laintiff may call upon at least one family member willing and able to aid him in prosecuting his claims even absent formal designation as a guardian ad litem").

(Docket Entry 14 (the "GAL Order") at 2-5 (certain brackets and ellipses in original).)

Given these considerations and various other deficiencies in the GAL Motion, the Court denied Plaintiff's "request to appoint Johnson guardian ad litem, but without prejudice to the filing of a properly supported application for appointment of a guardian ad litem, if Plaintiff's situation so warrants." (Id. at 7; see also id. at 8 (ordering "that the GAL Motion (Docket Entry 3) is **DENIED WITHOUT PREJUDICE** to the filing of a properly supported request for appointment of a guardian ad litem" (emphasis in original)).)

Thereafter, Plaintiff filed the Amendment Motion, which seeks "leave to file [a] proposed First Amended Motion for Appointment of Guardian ad Litem" and "leave to Amend [the] Complaint for the sole purpose of substituting [Plaintiff's] mother, S.G.[,] as Guardian ad Litem." (Docket Entry 18 at 1.) Through the Amendment Motion, "Plaintiff seeks to correct the defect[s] in the [GAL Motion] and caption of the Complaint identified by the Court in its [GAL] Order." (Id. at 2.) According to the Amendment Motion, "Plaintiff previously sought to appoint Attorney Russell Johnson . . . to serve as guardian ad litem for Plaintiff" and "did not originally

4

appoint his 'custodial parent' in order to protect the minor plaintiff's anonymity as identifying the custodial parent will otherwise ultimately identify the minor child. However, Plaintiff's mother can be appointed, and still protect Plaintiff's anonymity, if Plaintiff's mother is identified by the pseudonym 'S.G.'" (Id. at 3.)

The Amendment Motion further asserts (i) that "it is not made with undue delay, bad faith, or with any dilatory motive on [the] part of the movant," (ii) "that the proposed amendments will not cause undue prejudice to Defendants[, as] Defendants have consented to Plaintiff's sought Amendments," and (iii) that, "[f]or the reasons stated above, Plaintiff respectfully submits that he has good cause under the applicable rules and case law for this Court to grant leave to [a]mend his [GAL Motion] and correct the Complaint to properly reflect the custodial parent as Guardian ad Litem." (Id.) The Amendment Motion concludes: "For these reasons, Plaintiff respectfully moves the Court for an order granting leave to file the attached First Amended Motion for Appointment of Guardian ad Litem and granting leave to amend the Complaint to reflect the same." (Id. at 4.) Defendants filed no response to the Amendment Motion, which Plaintiff docketed as a "consent" motion. (See Docket Entries dated Feb. 2, 2023, to present.)

5

**DISCUSSION**

As an initial matter, the Court denied the GAL Motion "without prejudice to the filing of a properly supported application for appointment of a guardian ad litem, if Plaintiff's situation so warrants" (Docket Entry 14 at 7), mooting Plaintiff's request to amend the GAL Motion. Additionally, per the Amendment Motion, Defendants consented to Plaintiff's request to amend his Complaint (see Docket Entry 18 at 3), thereby authorizing the requested amendment under Rule 15, see Fed. R. Civ. P. 15(a)(2). Moreover, Plaintiff filed the Amendment Motion within 21 days of the filing of an Answer by the first two Defendants to respond to the Complaint. (See Docket Entries 16, 18; see also Docket Entry 23 (motion to dismiss by remaining Defendant).) Thus, Plaintiff possessed the right to amend his Complaint as a matter of course when he filed the Amendment Motion. See Fed. R. Civ. P. 15(a)(1)(B); see also Fed. R. Civ. P. 15 Advisory Committee's Notes, 2009 Amendment ("[Rule 15] permits one amendment as a matter of course in response to a responsive pleading. The right is subject to the same 21-day limit as the right to amend in response to a motion."). As such, Plaintiff does not require this Court's permission to "correct the Complaint to properly reflect the custodial parent as Guardian ad Litem." (Docket Entry 18 at 3.)

Nevertheless, the Court reiterates that Plaintiff's custodial parent does not require appointment as a guardian ad litem in this

matter. (See generally Docket Entry 14 at 4-5.) As a neighboring court recently explained, "Rule 17(c)(1) provides that certain specified representatives may sue on behalf of a minor, or if the minor 'does not have a duly appointed representative, [the minor] may sue by a next friend or by a guardian ad litem.'" A.R. by & through D.R. v. Wake Cnty. Bd. of Educ., No. 5:22-cv-45, 2022 WL 16953620, at *2 (E.D.N.C. Nov. 15, 2022) (quoting Fed. R. Civ. P. 17(c)(2)). "[S.G.], as a parent, 'qualifies as a general guardian who may act on behalf of [her] minor [child] without needing a formal court appointment under Federal Rule 17(c).'" Id. (quoting Epic Games, 2019 WL 8334611, at *1); see also Genesco, Inc. v. Cone Mills Corp., 604 F.2d 281, 285 (4th Cir. 1979) (observing, regarding lawsuit commenced by parent as "next friend" of minor child, that "Rule 17(c) permits an infant who lacks a general guardian to bring suit by his next friend, and no special appointment process for the next friend is required").

In other words, S.G. "may bring suit on [G.D.]'s behalf in federal court under Rule 17(c)," A.R., 2022 WL 16953620, at *3, without the necessity of appointment as a guardian ad litem, see id. at *2-3. Indeed, such appointment "would be a needless formality." Allen v. State Bd. of Educ. of N.C., 55 F.R.D. 350, 352 (M.D.N.C. 1972), aff'd, 473 F.2d 906 (Table) (4th Cir. 1973); see also id. at 351-52 (explaining that parent plaintiffs lacked standing to serve as "representatives of a class of taxpayers" and

7

that, "insofar as the [parents] complain on their own behalf and not upon behalf of their children, as the natural guardians thereof, they must also be held to lack standing," but that, "[a]s to the unquestioned standing of the [parents] to bring this action as natural guardians for their own children, their appointment as guardians ad litem would be a needless formality"). Under the circumstances, and in the interests of judicial efficiency, the Court will authorize Plaintiff to file an Amended Complaint that "substitut[es] his mother, S.G.[,] as [g]uardian" (Docket Entry 18 at 1) rather than as guardian ad litem.[2]

Finally, the Amendment Motion tacitly seeks permission for Plaintiff's mother to proceed under "the pseudonym 'S.G.'" (Id. at 3.)[3] That issue arises because:

> Pursuant to Rule 10(a) . . ., "[t]he title of [a] complaint must name all the parties." This requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly. Certainly, "[i]dentifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts." *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997) (Posner, J.). Courts have nevertheless "carved out a limited number of exceptions to the general requirement

---

2  Alternatively, S.G. may proceed as Plaintiff's "next friend" in this matter. See, e.g., Genesco, 604 F.2d at 285.

3  Plaintiff's proposed amended motion for appointment of a guardian ad litem explicitly "requests this Court allow that the minor and his mother be permitted to proceed by the [G.D. and S.G.] pseudonyms in the case heading and all documents filed publicly on the Court's docket" (Docket Entry 18-2 at 2) and provides supporting authority for that request (see id. at 2-3).

of disclosure [of the names of parties], which permit plaintiffs to proceed anonymously." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 685 (11th Cir. 2001).

Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 188-89 (2d Cir. 2008) (brackets in original).

Furthermore, "[d]espite the presumption in favor of disclosure, the [Rules] describe circumstances in which filings may be redacted and where access to public filings may be limited." McCutchen v. Becerra, No. 1:21-cv-1112, 2021 WL 1718806, at *2 (D.D.C. Apr. 23, 2021) (citing Fed. R. Civ. P. 5.2). "Minors, for example, must be referred to using only their initials. Fed. R. Civ. P. 5.2(a)(3). The [C]ourt may also, for good cause, 'require redaction of additional information.' Fed. R. Civ. P. 5.2(e)(1)." Id. (all-cap font omitted). Accordingly, recognizing that a minor child and "his parents' privacy interests are intractably intertwined," J.W. v. District of Columbia, 318 F.R.D. 196, 199 (D.D.C. 2016) (internal quotation marks omitted), and that "a parent's identity, if disclosed, could jeopardize the child's confidentiality," id., courts have repeatedly authorized parents and guardians suing on behalf of minors to proceed anonymously to protect the children's identities, see, e.g., McCutchen, 2021 WL 1718806, at *1 (authorizing "eight minor plaintiffs and the next friends suing on their behalf to proceed under pseudonym"); J.W., 318 F.R.D. at 202 ("find[ing] that permitting [the p]laintiffs to proceed using only their initials is warranted in this case, and

9

that the right of public access is outweighed by [the p]laintiffs' overriding interest in protecting J.W.'s identity and avoiding unnecessary publicity concerning his disability" (internal quotation marks omitted)); M.P. v. Schwartz, 853 F. Supp. 164 (D. Md. 1994) (authorizing redaction of complaint to include only initials of minor plaintiff and her family).

In analyzing whether to permit Plaintiff's parent to proceed anonymously, this Court considers the following factors:

> whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; the ages of the persons whose privacy interests are sought to be protected; whether the action is against a governmental or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

James v. Jacobson, 6 F.3d 233, 238 (4th Cir. 1993).

As for the first factor, this case concerns allegations of sexual conduct between elementary school children (see, e.g., Docket Entry 1, ¶¶ 12-24), i.e., a matter fairly described as "sensitive and highly personal," James, 6 F.3d at 238. As for the second factor, although "there is no alleged risk of retaliatory physical or mental harm . . ., the Court places limited weight on this factor because [P]laintiff[] ha[s] shown that the case involves 'a matter of [a] sensitive and highly personal nature.'" McCutchen, 2021 WL 1718806, at *3 (emphasis omitted) (final set of

10

brackets in original). "The third factor, 'the ages of the persons whose privacy interests are sought to be protected,' also weighs in favor of allowing [S.G.] to proceed anonymously," id., for, "although the name[] that will be hidden [is] th[at] of [an] adult[], this serves primarily to protect the privacy interests of [a] minor child[]," id.; see also id. a *2 ("The Federal Rules already provide the minor children themselves the protection of anonymity. Plaintiffs are concerned, however, that failing to extend that protection to the names of the children's parents or guardians . . . would tend to reveal the identity of the minor [p]laintiffs themselves. Although it is the adults' names that will be hidden, the instant motion is primarily about protecting the privacy of the children." (citations and internal quotation marks omitted); J.W., 318 F.R.D. at 199 ("J.W. and his parents' privacy interests are intractably intertwined. As other courts have recognized[,] . . . a parent's identity, 'if disclosed, could jeopardize the child's confidentiality.'").

As for the fourth factor, courts differ on whether suits against a private individual or a government entity counsel against anonymity. Compare, e.g., McCutchen, 2021 WL 1718806, at *3 ("[T]he fact that this suit is against the government weighs in favor of denying plaintiffs' motion, but only very slightly. '[T]here is a heightened public interest when an individual or entity files a suit against the government.' *In re Sealed Case*,

11

971 F.3d [324,] 329 [(D.C. Cir. 2020)]. There is nothing about these proceedings, however, that creates any need for transparency with respect to the plaintiffs' identities. *Cf. id.* (describing the public interest as 'particularly great' where regulated entity sued government agency regarding 'special exemptions' from statutory obligations). Here, plaintiffs are challenging government action, but primarily seek to vindicate their own rights and those of individuals similarly situated, and anonymity appears to be necessary to provide them the opportunity to vindicate those rights." (second set of brackets in original)), with Doe v. Pittsylvania Cnty., 844 F. Supp. 2d 724, 730 (W.D. Va. 2012) ("Courts in general are less likely to grant a plaintiff permission to proceed anonymously when the plaintiff sues a private individual than when the action is against a governmental entity seeking to have a law or regulation declared invalid. Actions against the government do no harm to its reputation, whereas suits filed against private parties may damage their good names and result in economic harm. Thus, it is a matter of basic fairness that a private-party defendant's accusers participate in the suit under their real names. But the reverse is not necessarily true. The simple fact that [a] plaintiff sues a governmental entity does not give the court more reason to grant her request for anonymity. Of course, in only a very few cases challenging governmental activity

12

can anonymity be justified." (citations, brackets, footnote, and internal quotation marks omitted)).

Here, Plaintiff sues a governmental entity and certain government employees in both their official and individual capacities. (See Docket Entry 1, ¶¶ 3-6.) Moreover, S.G. pursues this litigation exclusively on Plaintiff's behalf (see generally Docket Entry 1 (seeking recovery solely for Plaintiff)), and Plaintiff himself possesses entitlement to anonymity, see Fed. R. Civ. P. 5.2(a)(3). Under the circumstances, the fourth factor appears neutral.

Finally, allowing S.G. "to proceed under [a] pseudonym will not prejudice [D]efendants in any way." McCutchen, 2021 WL 1718806, at *3. Given Plaintiff's tenure at Defendants' elementary school, Defendants already know Plaintiff's and his mother's identities. (See, e.g., Docket Entry 1, ¶ 15 (asserting that, on March 21, 2019, "G.D.'s mother expressly informed the 'Trilogy' program director, Defendant Madison Peele," of certain interactions between G.D. and another student, as "documented in the excerpted text messages from G.D.'s mother to Defendant Peele, attached as Exhibit 1 [to the Complaint]," and that, "[u]pon information and belief, Defendant Peele reported this conduct to other officials at Kannapolis City Schools, in conformity with the school's published policies, specifically including Defendant Sain" (emphasis

13

omitted)).)[4]  Hence, allowing S.G. "to proceed under [a] pseudonym

---

[4] Plaintiff also filed an affidavit by S.G. (under seal) explicitly identifying herself and G.D. by name. (See Docket Entry 20 at 1-2.)  Plaintiff filed a publically available version of this affidavit, which redacted S.G.'s and G.D.'s names (see Docket Entry 19-1 at 1-2), and moved to permanently seal the unredacted affidavit (see Docket Entry 19 at 1-2).  Although the unredacted affidavit arguably qualifies as unnecessary, given Defendants' knowledge of Plaintiff's and his mother's identities and the instant resolution of the Amendment Motion, the Court will, in the interests of maintaining a complete judicial record and knowledge of the identities of those involved in the instant litigation, grant the Sealing Motion for the reasons stated below.

Assuming the affidavit qualifies as a judicial record, but see In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(d), 707 F.3d 283, 290 (4th Cir. 2013) (explaining that "documents filed with the court are 'judicial records' if they play a role in the adjudicative process, or adjudicate substantive rights"), a common-law right of access applies to it, which "can be rebutted if countervailing interests heavily outweigh the public interests in access," Virginia Dep't of State Police v. Washington Post, 386 F.3d 567, 575 (4th Cir. 2004) (internal quotation marks omitted). In ruling on a motion to seal, the Court (i) "must give the public notice of the request to seal and a reasonable opportunity to challenge the request," (ii) "must consider less drastic alternatives to sealing," and (iii) must state the reasons for sealing, "if it decides to seal." Id. at 576.  Here, the Sealing Motion has appeared on the docket for more than a month, with no objections filed thereto. (See Docket Entries dated Feb. 2, 2023, to the present.)  Accordingly, the Court finds that all interested persons have received "notice of the request to seal and a reasonable opportunity to challenge the request," Washington Post, 386 F.3d at 576.  Further, the Sealing Motion seeks only to redact the identities of S.G. and G.D. from the publically filed affidavit (see Docket Entry 19 at 1-2; Docket Entry 19-1 at 1-2), a less-drastic alternative than sealing the entire affidavit.  As discussed above, protection of G.D.'s and his mother's identities in this litigation remains appropriate; indeed, revealing this information would undermine the entire purpose of allowing S.G. to proceed under a pseudonym.  The Court will therefore grant the Sealing Motion. See also, e.g., M.G.M. by & through Mabe v. Keurig Green Mountain, Inc., No. 1:22-cv-36, 2022 WL 6170557, at *2 (M.D.N.C. Oct. 7, 2022) ("Courts and legislatures have historically protected the privacy rights of minors. And the Supreme Court has confirmed that safeguarding the physical and psychological

14

will not compromise [D]efendants' ability to defend this action and poses no 'risk of unfairness to the opposing party.'" McCutchen, 2021 WL 1718806, at *3.

## CONCLUSION

In sum, the James factors weigh in favor of permitting S.G. to proceed under a pseudonym in this matter. The Court will therefore grant G.D.'s mother's request to proceed under the "S.G." pseudonym.

**IT IS THEREFORE ORDERED** that the Amendment Motion (Docket Entry 18) is **GRANTED IN PART AND DENIED IN PART** as follows: Plaintiff's mother may proceed under the "S.G." pseudonym and Plaintiff may file an amended complaint substituting S.G. as his guardian (or next friend), on or before March 23, 2023.

**IT IS FURTHER ORDERED** that the Sealing Motion (Docket Entry 19) is **GRANTED.**

This 16th day of March, 2023.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

---

well-being of a minor is a compelling governmental interest. Accordingly, many courts have held that compelling governmental interests require the sealing of documents relating to minors in general." (citations, brackets, and internal quotation marks omitted)).